UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERIE DEBONO, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>CEREBRAL INC.,<br><br>    Defendant. | Case No. 22-cv-03378-AGT<br><br>**ORDER ON MOTION TO DISMISS**<br>Re: Dkt. No. 25 |

    For the following reasons, Cerebral's motion to dismiss plaintiffs' first amended[1] class action complaint is granted with leave to amend.

    1. Plaintiffs allege that Cerebral violated multiple provisions of California's Automatic Renewal Law (ARL) by not adequately disclosing the company's subscription and cancellation terms. *See* Cal. Bus. & Prof. Code §§ 17600–17606; FAC ¶¶ 153, 163. The ARL doesn't include a private right of action. *See Johnson v. Pluralsight, LLC*, 728 F. App'x 674, 676–77 (9th Cir. 2018). But consumers may bring claims to enforce the ARL under California's Unfair Competition Law (UCL), False Advertising Law (FAL), and Consumer Legal Remedies Act (CLRA). *See Arnold v. Hearst Mag. Media, Inc.*, No. 19-CV-1969-WQH-MDD, 2021 WL 488343, at *6 (S.D. Cal. Feb. 10, 2021). To do so, however, consumers cannot simply allege an ARL violation; they must also allege that the violation injured them. *See Mayron v. Google LLC*, 54 Cal. App. 5th 566, 574–77 (2020); *Rutter v. Apple Inc.*, No. 21-CV-04077-HSG, 2022 WL 1443336, at *6 (N.D. Cal. May 6, 2022). The named plaintiffs here haven't satisfied this second requirement. They point to potential ARL shortcomings on Cerebral's subscription sign-up page (e.g., an allegedly incomplete

---

[1] After Cerebral moved to dismiss plaintiffs' original complaint, plaintiffs amended their complaint as a matter of course under Fed. R. Civ. P. 15(a)(1)(B).

description of Cerebral's cancellation policy, an alleged failure to clearly and conspicuously present Cerebral's automatic renewal terms), but plaintiffs don't explain how they were harmed by those shortcomings. They don't allege, for example, that they wouldn't have subscribed to Cerebral if Cerebral's disclosures had been more fulsome. Because plaintiffs haven't plausibly alleged that they were harmed by an ARL violation, their ARL-predicated claims fall short.

    2. Plaintiffs also seek to sue Cerebral for engaging in non-ARL-predicated deceptive and unfair practices under the UCL, FAL, and CLRA. These claims also are not well pleaded.

        a. Plaintiffs allege that Cerebral made "false promises to customers concerning the availability of appointments." *E.g.*, FAC ¶ 166(b). The named plaintiffs, however, don't allege that *they* had difficulty scheduling appointments, and at this pre-certification stage, the named plaintiffs' allegations are the only allegations that matter. *See Moser v. Benefytt, Inc.*, 8 F.4th 872, 877 (9th Cir. 2021) ("[A] class action, when filed, includes only the claims of the named plaintiff.") (simplified); *Ridgeway v. Walmart Inc.*, 946 F.3d 1066, 1076 (9th Cir. 2020) (noting that when "the class ha[s] not yet been certified, . . . the putative class members [are] not parties to the case").

        b. Plaintiffs allege that Cerebral made false or misleading representations about its services and billing policy. *See, e.g.*, FAC ¶¶ 166(a), 203. To support a deceptive advertising claim, the named plaintiffs must "identify specific advertisements and promotional materials; allege when [they] were exposed to the materials; and explain how such materials were false or misleading." *Obertman v. Electrolux Home Care Prods., Inc.*, 482 F. Supp. 3d 1017, 1025 (E.D. Cal. 2020) (simplified). The named plaintiffs must also allege that they relied on the false or misleading statements made in those advertisements or promotional materials. *See Yastrab v. Apple Inc.*, No. 14-cv-01974–EJD, 2015 WL 1307163, at *6 (N.D. Cal. Mar. 23, 2015). The named plaintiffs haven't satisfied these requirements. In their complaint, they don't identify any particular false or misleading representations that they read and relied upon.

        c. Plaintiffs allege that Cerebral's sign-up process was fatiguing and resulted in consumers spending "less time and effort critically evaluating the information about future charges or cancellation that is presented" at the end of the process. FAC ¶ 59. Plaintiffs also allege that

Cerebral's payment page was "visually overwhelming," filled with "different font colors, sizes, logos and extraneous information." FAC ¶ 57. Here again, the complaint doesn't tie these allegations to the named plaintiffs specifically, as must be done to state a claim for relief. None of the named plaintiffs allege that they felt fatigued by Cerebral's sign-up process, or that they were overwhelmed by Cerebral's payment page.

    d. Plaintiffs allege that Cerebral omitted "material information in order to induce [them to] subscribe." *E.g.*, FAC ¶ 166(d). The named plaintiffs fail to identify what Cerebral omitted, and they don't allege that they would have acted differently if Cerebral had provided them with more information. As a result, they haven't plausibly alleged that Cerebral's nondisclosures were "an immediate cause" of any harm they suffered. *Hodsdon v. Mars, Inc.*, 162 F. Supp. 3d 1016, 1022 (N.D. Cal. 2016) (simplified), *aff'd*, 891 F.3d 857 (9th Cir. 2018).

    e. Plaintiffs allege that Cerebral made it difficult for them to cancel their subscriptions. *See, e.g.*, FAC ¶ 166(e). This unfair-business-practices theory isn't well pleaded because two of the named plaintiffs don't allege that they complied with Cerebral's cancellation policy—which may have been the true source of their difficulties—and the third named plaintiff, who did follow the process, was promptly able to cancel. *See* FAC ¶¶ 57, 64, 66, 88, 93–94. These allegations don't plausibly support that Cerebral engaged in unfair business practices.

  3. Plaintiffs haven't pleaded a plausible claim for relief under the UCL, FAL, or CLRA. But even if they had, two of the named plaintiffs, Victoria Barber and Jessica Atherton, haven't established that they can sue Cerebral under the UCL, FAL, or CLRA. Barber and Atherton aren't California residents, *see* FAC ¶¶ 13, 15, so to invoke California's consumer protection statutes, they must allege that they were harmed by "wrongful conduct occurring in California." *Norwest Mortg., Inc. v. Superior Ct.*, 72 Cal. App. 4th 214, 224–25 (1999). They haven't done so. They allege only that Cerebral was headquartered in, and conducted substantial business in, California. *See* FAC ¶ 11. These allegations fall short of plausibly alleging that Cerebral's "wrongful conduct occurr[ed] in California." *Norwest*, 72 Cal. App. 4th at 224–25. *Compare Cannon v. Wells Fargo Bank N.A.*, 917 F. Supp. 2d 1025, 1056 (N.D. Cal. 2013) (allegation that defendant was

headquartered in California was insufficient to plausibly allege that defendant's wrongful conduct occurred in California), *with Ehret v. Uber Techs., Inc.*, 68 F. Supp. 3d 1121, 1131–32 (N.D. Cal. 2014) (allegations that defendant's deceptive practices "were conceived, reviewed, approved and otherwise controlled from" defendant's California headquarters were sufficient to plausibly allege that wrongful conduct occurred in California).

It is immaterial to this analysis that Cerebral's Terms of Use stated that any dispute relating to the terms or to the use of Cerebral's website or app would be determined in accordance with California law. *See* FAC ¶ 149; Dkt. 25-2 at 22. As other courts have noted, "[a] contractual choice of law provision that incorporates California law presumably incorporates all of California law— including California's presumption against extraterritorial application of its law." *Underwood v. Future Income Payments, LLC*, No. 17-CV-1570-DOC (DFMx) 2018 WL 4964333, at *12 (C.D. Cal. Apr. 26, 2018) (quoting *O'Connor v. Uber Techs., Inc.*, 58 F. Supp. 3d 989, 1005 (N.D. Cal. 2014)). The parties' choice-of-law clause didn't authorize Barber and Atherton, two out-of-state residents, to sue for violations of California's UCL, FAL, and CLRA based on wrongful conduct occurring outside of California. *See Cotter v. Lyft, Inc.*, 60 F. Supp. 3d 1059, 1065 (N.D. Cal. 2014) ("Even if the choice of law provision were intended to confer upon out-of-state drivers a cause of action for violation of California's wage and hour laws, it could not do so. An employee cannot create by contract a cause of action that California law does not provide.").

Barber and Atherton's ARL-predicated UCL, FAL, and CLRA claims fail for an additional reason. The ARL applies only to "any business that makes an automatic renewal offer or continuous service offer to a consumer *in this state*." Cal. Bus. & Prof. Code § 17602(a) (emphasis added); *see also Noll v. eBay Inc.*, No. 11-CV-04585-EJD, 2013 WL 2384250, at *6 (N.D. Cal. May 30, 2013) ("The Legislature employed specific language in Section 17602 limiting recovery . . . to California consumers."). Barber and Atherton don't allege that they were consumers in this state. As a result, they "cannot predicate a UCL claim," or an FAL or CLRA claim, "on a violation of the ARL." *Leventhal v. Streamlabs LLC*, No. 22-CV-01330-LB, 2022 WL 17905111, at *6 (N.D. Cal. Dec. 23, 2022).

4

4. Because plaintiffs haven't stated a claim for relief under the UCL, FAL, or CLRA, their unjust-enrichment claim also fails. Their unjust-enrichment claim is predicated on the same deceptive and unfair practices underlying their UCL, FAL, and CLRA claims. Those practices are not pleaded with sufficient detail to state an actionable claim.

5. Plaintiffs' remaining claims, their contract claims, fall short too. Plaintiffs haven't identified any contractual term that Cerebral breached; plaintiffs simply declare that Cerebral didn't deliver "the promised services." FAC ¶ 233. Similarly, plaintiffs' allegations that Cerebral breached the implied covenant of good faith and fair dealing are too conclusory and don't plausibly support that Cerebral "unfairly interfered" with the named plaintiffs' rights to receive the benefit of their bargain. *Qingdao Tang-Buy Int'l Imp. & Exp. Co. v. Preferred Secured Agents, Inc.*, No. 15-CV-00624-LB, 2016 WL 6524396, at *5 (N.D. Cal. Nov. 3, 2016).

\* \* \*

Cerebral's motion to dismiss is granted, and plaintiffs' claims are dismissed with leave to amend. Plaintiffs may file an amended complaint on or before February 15, 2023.

**IT IS SO ORDERED.**

Dated: January 18, 2023

Alex G. Tse
United States Magistrate Judge